UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE CATRINAR,

       Plaintiff,                              No. 14-11872

v.                                       District Judge John Corbett O'Meara
                                          Magistrate Judge R. Steven Whalen

WYNNESTONE COMMUNITIES
CORPORATION, ET AL.

       Defendants.
_____/

**ORDER**

Currently before the Court is Plaintiff Lawrence Catrinar's ("Plaintiff's") *Motion to Compel Discovery and Discovery Sanctions* [Dock. #17], which has been referred to the undersigned for hearing and determination. For the reasons set forth below, the motion is GRANTED.

On May 9, 2014, Plaintiff filed suit against his former employer Defendant Wynnestone Communities Corporation and Gilbert B. Silverman ("Defendants"), alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2614, *et seq*. as well as claims of breach of contract and promissory estoppel. On July 1, 2014, Defendants filed a counterclaim, alleging breach of fiduciary duty, theft, conversion, fraudulent concealment, and fraudulent misrepresentation by Plaintiff. *Docket #7*.

Plaintiff filed the present motion on December 14, 2014. On January 15, 2015, parties filed a stipulation resolving all the disputed issues with the exception of Request for Production No. 70 calling for production of Defendant Silverman's state and federal tax returns from 2001 forward. *Docket #24, Plaintiff's Exhibit 2,* pg. 61. Defendants objected to the request "on the grounds that it is unduly broad and overly burdensome as to time and subject matter, harassing and seeks documents that are irrelevant to the claims asserted in the present action." *Plaintiff's Exhibit 2* at pg. 61. In his motion, Plaintiff argues that the tax returns are required to support his breach of contract claims and to rebut Defendant's counterclaims. *Motion,* 27.

Defendants argue in response that Silverman's personal tax returns are irrelevant to the FMLA claim. *Response, Docket #30.* They note that Plaintiff's purported need for Defendant Silverman's tax returns involves his alleged entitlement under a deferred compensation plan through E&S Equities I Limited Partnership ("E&S LP"). *Id.* at 3. Defendants note that Wynnestone, not Defendant Silverman, was the intended recipient of the investment income to which Plaintiff claims a percentage. *Id.* They point out that Defendant Wynnestone has already agreed to produce its tax returns and other financial records as well as "documents reflecting payments made to [Defendant] Silverman from [E&S LP] directly." *Id.* at 7. As to the FMLA claim, they argue that Defendant Silverman is, in effect, a "third party" to the claims against Wynnestone. *Id.* at 6. Defendants note that the only claims against Silverman are for wrongful termination. *Id.*

Defendants argue further that the tax returns are not relevant to the counterclaims. *Id.* at 7-9. They contend that the counterclaims of fiduciary duty, theft, conversion, fraudulent concealment, and fraudulent misrepresentation "all relate exclusively to actions taken by [Plaintiff] as part of his employment with Wynnestone" and allege damage to Wynnestone rather than Defendant Silverman. *Id.* at 7. They argue that "Wynnestone's tax returns and the additional Wynnestone financial records that will be produced will provide [Plaintiff] with a full picture of Wynnestone's financial condition over the period of time in question." *Id.* Finally, Defendants request that if the Court finds that Plaintiff "has demonstrated a compelling need" for Defendant Silverman's tax returns, that they be given "an opportunity to either propose disclosing other information to satisfy such a need or redact information unrelated to E&S LP or the Limited Partnerships." *Id.* at 9, fn 2.

Plaintiff counters that he has already produced all of his personal tax returns back to 1989 to Defendants. *Reply,* 3, *Docket #31.* He argues that Defendant Wynnestone's tax returns are insufficient to defend against Defendant Silverman's counterclaims. He notes that Defendants' counterclaim states that as a result of Plaintiff's alleged actions:

> Wynnestone, and thus Silverman, have been damaged by the resultant decrease in value of Wynnestone, including reputational damage, loss of assets due to theft, loss of business opportunities and the accumulation of significant fees and expenses. *Docket #7*, pg. 26, ¶44.

Further, Plaintiff states that in defending against the counterclaims, he intends to show that Defendants "did not actually lose any money," but "[r]ather, Wynnestone and Silverman simply prevented that money from showing up on Wynnestone's books by paying it to

-3-

Silverman personally . . ." *Reply* at 4-5. In regard to his own claims, he notes that while Defendant Silverman "is not personally a party to his breach of contract claim related to E&S LP, "he is an officer and the sole owner of Wynnestone which is a party to the breach of contract claim." *Id.* at 7. He argues that Defendant Silverman's tax returns are necessary to determine, in effect, whether funds to which Wynnestone was entitled were diverted to Defendant Silverman. *Id.*

"'Tax returns are subject to discovery in civil litigation between private parties.'" *White v. Michigan Dept. of Human Services* 2011 WL 1882924, *1 (E.D.Mich. May 17, 2011)(Majzoub, MJ.)(*citing Credit Life Ins. Co. v. Uniworld Ins. Co. Ltd.*, 94 F.R.D. 113, 119 (S.D.Ohio 1982)). "However, there are limitations to when a party may be ordered to provide tax returns to an opposing party." *Id.* "Tax returns do not enjoy an absolute privilege from discovery." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975). Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Id.*

As noted Judge Majzoub further noted, "'[a] party may seek discovery of a tax return if it is relevant to the subject matter in dispute and a compelling need exists for the return because the information is not readily available from another source.'" *White* at *1 (*citing Ruth v. Superior Consultant Holdings Corp.*, No. 99–CV–71190, 2000 WL 1769576, at *2 (E.D.Mich. Oct.16, 2000)). "Once the party seeking production has made the required

showing of relevancy, the burden then shifts to the party opposing production to identify an alternative source for the information." *Id.* (citations omitted).

At a minimum, Plaintiff has shown that Defendant Silverman's personal tax returns are relevant to his claim that he was improperly deprived of E&S LP funds by Wynnestone and by extension, Defendant Silverman, a 50 percent shareholder in Wynnestone between 1999 and March, 2006 and sole shareholder from that time to the present. *Complaint* at ¶ 10. Plaintiff has shown that Defendant Silverman's tax returns are relevant to the claim that he was terminated for asserting his rights under the FMLA rather than for alleged financial improprieties. *Motion* at 26. Defendant Silverman's counterclaim that he experienced personal financial losses as a result of Plaintiff's alleged improprieties from 2001 forward, *Docket #7*, pg. 26, ¶44, even more strongly supports the need for the tax returns. *Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.* 2010 WL 1782251, *2 (E.D.Mich. May 3, 2010)(Majzoub, M.J.)(tax returns relevant to CounterPlaintiff's "financial condition" and "net worth" for the years in question).

Although Defendants claim that the relevant information can be gleaned from Defendant Wynnestone's tax returns and financial records, *Response* at 7, the Wynnestone documents would not wholly address Plaintiff's claim that some of the funds in dispute would not show up on Wynnestone's records because they were paid to Silverman personally. *Reply* at 4-5. For the same reasons, I decline to grant Defendants' request to limit discovery to the portion of the tax returns pertaining to E&S LP.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Request for Production No. 70 [Docket #17] is GRANTED, subject to the terms of the January 9, 2015 stipulated protective order.

                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: September 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 21, 2015, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen