UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE CATRINAR,

      Plaintiff,                                    No. 14-11872

v.                                             District Judge John Corbett O'Meara
                                                Magistrate Judge R. Steven Whalen

WYNNESTONE COMMUNITIES
CORPORATION, ET AL.

      Defendants.
_____/

**OPINION AND ORDER**

On May 9, 2014, Plaintiff Lawrence Catrinar filed suit against his former employer Defendant Wynnestone Communities Corporation and Gilbert B. Silverman ("Defendants")[1] alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2614, *et seq*. as well as breach of contract and promissory estoppel. On July 1, 2014, Defendants filed a counterclaim, alleging breach of fiduciary duty, theft, conversion, fraudulent concealment, and fraudulent misrepresentation by Plaintiff.

Before the Court is Plaintiff's Third Motion to Compel Discovery and for Discovery Sanctions [Doc. #38]. I granted Plaintiff's first motion to compel, which sought production of Mr. Silverman's tax returns, on September 21, 2015 [Doc #56].

---

[1] Mr. Catrinar was the president of Wynnestone; Mr. Silverman was the owner.

Plaintiff's second motion to compel was resolved by stipulated order [Doc. #37]. The document requests at issue in the present motion are those that were ordered to be produced by June 5, 2015 in the orders granting the first and second motions.[2]

There are two components to Plaintiff's motion: he seeks an order compelling discovery, and also an order imposing sanctions under Fed.R.Civ.P. 37, including entry of a default judgment against Defendants. I will discuss each in turn.

### **Sanctions**

In general, Fed. R. Civ. P. 37 provides for sanctions for failure to make disclosures or cooperate in discovery.  Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)(A)(vi), entry of default judgment where it is the defendant who has been disobedient.  A motion for sanctions under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). However, entry of a default judgment against a party "for failure to cooperate in discovery is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)(citations omitted). *See also Grange Mut.*

---

[2] The specific document requests at issue are listed in Exhibit 6 to Plaintiff's motion [Doc. #38]. The present Order applies to those requests.

*Cas. Co. v. Mack,* 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment is the court's most severe discovery sanction).

The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

In deciding whether to impose "the draconian sanction" of default judgment, the first factor–the party's willfulness or bad faith in failing to comply with a discovery order–looms large. *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). However, a prior warning that failure to comply with a discovery order will result in a default judgment is pivotal both to the determination of willfulness and to the ultimate decision to order that sanction. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

To say that this case has been aggressively litigated at the discovery stage would

be an understatement. Nevertheless, whatever disputes remain, it is apparent that Defendants have provided a considerable amount of discovery, and I accept at face value their offers to allow Plaintiff the opportunity to inspect additional documents. I will address their claim that they simply do not possess a number of documents in the next section. But I do not find that Defendants have acted with willfulness or bad faith, and there has been neither a previous warning that they could be subject to a default judgment, nor the imposition of a lesser discovery sanction. Therefore, there will be no default judgment under Rule 37.

In addition to Defendants' lack of willfulness or bad faith, there is a fairly simple solution to the outstanding discovery issues. This includes giving the Defendants the opportunity to verify that they do not possess many of the documents that have been requested. I therefore decline to impose any Rule 37 sanctions at this time.

## **Compelling Discovery**

The briefs and responses filed in this motion more resemble summary judgment arguments (or perhaps jury arguments) that discussions focused on discovery. They also reflect what appears to be an unfortunate lack of communication between counsel for the parties. Plaintiff essentially complains that little if anything has been produced; Defendants state that they have produced over 11,000 pages of documents, and have offered Plaintiff's counsel the opportunity to inspect further documents. Defendants also argue that the previous stipulated order should be modified to deny discovery as to what it

characterizes as "soon to be dismissed" claims. They also state that "with regard to a great many of the requests, Defendants have conducted a diligent search and are not in possession of responsive documents." *Defendants' Response* [Doc. #44], p. 23.

First, nothing has been dismissed at this point, and there is no basis to modify or vacate, in whole or in part, any of the Court's previous discovery orders. Therefore, Defendants must undertake a diligent and good-faith search for responsive documents, and produce, or permit the inspection of, all documents within their possession or control that are responsive to Plaintiff's requests, subject to any claim of privilege. If the Defendants do claim privilege, they will submit a privilege log.

In terms of Defendants' claim that they do not possess certain documents, Plaintiff's citation to *EnvTech, Inc. v. Suchard*, 2013 WL 4899085, *5 (D.Nev. 2013)(unpublished), is apropos:

> "Where a party does not have responsive documents, it must come forward with an explanation of the search conducted with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence. Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents."

Therefore, as to any documents that Defendants claim they do not have, the person or persons who searched for those documents must provide to Plaintiff a written declaration, under oath, detailing the steps taken to locate responsive documents and the results of the search. This will also obviate the need to allow Plaintiff's representatives to search Defendants' email servers, a remedy that I generally find pregnant with mischief in

any event.

## Conclusion

For these reasons and under these terms, Plaintiff's motion [Doc. #38] is GRANTED IN PART AND DENIED IN PART.

Plaintiff's request for Rule 37 sanctions is DENIED.

Plaintiff's request for an order compelling discovery is GRANTED, as follows:

A.  Defendants will undertake a diligent and good-faith search for responsive documents, and produce, or permit the inspection of, all documents within their possession or control that are responsive to Plaintiff's requests, subject to any claim of privilege.  If the Defendants claim privilege as to any documents, they will submit a privilege log.

B.   As to any documents that Defendants claim they do not have, the person or persons who searched for those documents will provide to Plaintiff a written declaration, under oath, detailing the steps taken to locate responsive documents and the results of the search.

  C.  Responsive documents will be produced or made available for inspection within 30 days of the date of this Order.

  IT IS SO ORDERED.

           s/R. Steven Whalen
           R. STEVEN WHALEN
           UNITED STATES MAGISTRATE JUDGE

Date: March 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 21, 2016, electronically and/or by U.S. mail.

           s/C. Ciesla
           Case Manager