UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE CATRINAR,

       Plaintiff,                              No. 14-11872

v.                                        District Judge John Corbett O'Meara
                                            Magistrate Judge R. Steven Whalen

WYNNESTONE COMMUNITIES
CORPORATION, ET AL.

       Defendants.
_____/

**OPINION AND ORDER**

On May 9, 2014, Plaintiff Lawrence Catrinar filed suit against his former employer Defendant Wynnestone Communities Corporation and Gilbert B. Silverman ("Defendants")[1] alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2614, *et seq*. as well as breach of contract and promissory estoppel [Doc. #1]. On July 1, 2014, Defendants filed a counterclaim, alleging breach of fiduciary duty, theft, conversion, fraudulent concealment, and fraudulent misrepresentation by Plaintiff [Doc. #7]. Before the Court is Defendants' Request for Leave to Amend Answer to Complaint and Counterclaims [Doc. #41]. For the reasons discussed below, this motion will be GRANTED.

---

[1] Mr. Catrinar was the president of Wynnestone; Mr. Silverman was the owner.

-1-

## I. BACKGROUND

In their original counter-complaint [Doc. #7], Defendants brought the following claims:

Count I: Breach of Fiduciary Duties

Count II: Theft (M.C.L. § 600.2919a)

Count III: Conversion (M.C.L. § 600.2919a)

Count IV: Fraudulent Concealment

Count V: Fraudulent Misrepresentation

In their original answer to the Plaintiff's complaint, the Defendants denied that the Amurcon Corporation Deferred Compensation Plan for Selected Employees (the "E&S Plan") was ever valid. In the present motion, Defendants now state that during the course of this litigation, they located a document dated January 1, 2001, and apparently signed by Defendant Silverman, that shows that Wynnestone's Board of Directors indeed approved the E&S Plan. In addition, Defendants state that they located a "First Amendment" to the E&S Plan executed by Mr. Silverman on December 12, 2008. Defendants state that Mr. Silverman has no independent memory of having signed these documents, but they no longer contest that the E&S Plan was approved by Wynnestone's Board of Directors. In any event, Defendants seek to change their previous denial into admissions.

Based on this information, Defendants also move to amend their counterclaims to (a) dismiss all counterclaims by Mr. Silverman; (b) amend Wynnestone's conversion and theft claims to relate only to Plaintiff's alleged improper receipt of funds from the E&S Plan; and (c) dismiss all of Wynnestone's counterclaims other than for conversion and theft.[2]

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 15(a) provides that after a responsive pleading is filed, a complaint (or in this case, a counter-complaint) may be amended only by leave of the court, and that "leave shall be freely given when justice so requires."  Motions to amend are addressed to the Court's discretion, and in deciding whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Perkins v. American Electric Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

## III.  DISCUSSION

The Defendants' proposed amendments would certainly appear to simplify and refine the focus of this litigation. Yet, the Plaintiff pulls no punches in opposing the motion to amend:

---

[2] Defendants have stipulated to dismiss the other counter-claims with prejudice. *Motion*, p. 1, fn. 1.

> "By way of their request for leave to file and amended Answer and Counterclaim, Defendants are asking this Court to save them from the repercussions of their calculated decision to fabricate an elaborate and completely frivolous Counterclaim that allege fraud and various related causes of action against Plaintiff....[T]his bad-faith litigation tactic (filing the initial frivolous Counterclaim) has backfired so spectacularly on Defendants that their only option at this point is to try to obtain permission from this Court to retract their original lie and advance a different one." *Response to Motion* [Doc. #50], p. 1.

I read the Defendants' motivation differently. Mr. Silverman is a sophisticated business person who is represented by experienced lawyers. It is implausible that he and his attorneys would intentionally "fabricate" a "frivolous" counterclaim premised on a theory that the E&S Plan was never approved if they were aware that there was documentary evidence that the Wynnestone Board *did* approve it. It is much more plausible that, as Mr. Silverman now states, he had no recollection of signing the documents attesting to the approval of the Plan. That being the case, Defendants are to be commended, not criticized, for their candor in seeking to amend their pleadings to conform to facts that they discovered during the litigation. More to the point, I do not find that Defendants acted in bad faith in seeking to amend.

Nor do I find that there has been significant lack of notice to the Plaintiff, or that the Plaintiff would be prejudiced by the amendment. Defendants state (and Plaintiff does not deny) that they sought Plaintiff's consent to amend their counterclaims as early as July 8, 2015. *Defendants' Motion*, p. 2. In addition, it is difficult to understand how the Plaintiff is prejudiced when the Defendants are dropping, not adding counter-claims.

Presumably this should make the Plaintiff's defense easier, not more difficult.[3] Plaintiff's contention that the amendment would "double the amount of discovery that Plaintiff would need to conduct," *Response*, p. 19, appears highly speculative. In addition, any prejudice is lessened by the extension of discovery to May 22, 2016 [Doc. #58].

"Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 1998)(quoting *Head v. Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1998)). Along with the absence of bad faith, these factors weigh in favor of permitting Defendants to amend.

Plaintiff also argues that the amendment to the counter-claim should be denied on the basis of futility, because the claims for theft and conversion are barred by the statute of limitations. Although the original counter-complaint contained the same claims, Plaintiff did not move to dismiss. More significantly, Defendants allege fraudulent concealment in their proposed amended counter-claims, which, if proved, would toll the statute of limitations. *See Lumber Village, Inc. v. Siegler*, 135 Mich.App. 685, 694, 355

---

[3] In Defendants' response to Plaintiff's Third Motion to Compel Discovery [Doc. #38], they suggested that the Court's previous discovery orders be modified to reflect their expected dismissal of these counterclaims. In my order granting in part and denying in part the motion to compel [Doc. #59], I declined to modify or reduce Defendants' discovery obligations. Notwithstanding that I am now permitting the Defendants to amend their answer and counter-claims, the discovery that has been ordered remains relevant under the broad standards of Fed.R.Civ.P. 26(b). This present order does not modify or countermand the Court's previous discovery orders, including my order in Doc. #59.

N.W.2d 654 (1984)(citing M.C.L. § 600.5855, M.S.A. § 27A.5855). The Plaintiff may or may not ultimately prevail on his statute of limitations argument, but a finding of futility would be premature at this stage.

Finally, Plaintiff argues that if the Court does permit Defendants to amend their pleadings, Mr. Silverman should be required to answer the following question under oath:

> "What exactly was the 'amicable' reason you fired Plaintiff, was this reason contemporaneously documented anywhere in any document at Wynnestone that actually exists today, how and when did you communicate Plaintiff's termination to him, and why did you advance the claim that you fired Plaintiff for the fraud outlined in your Counterclaim if you truly terminated him for this newly articulated 'amicable' reason?" *Response* [Doc. #50], p. 20.

While I am not inclined to dictate what questions should be asked in discovery, Plaintiff is free to depose (or re-depose) Mr. Silverman, and is free to ask this question (or more accurately, this series of questions).

## IV. CONCLUSION

Defendants' Request for Leave to Amend Answer to Complaint and Counterclaims [Doc. #41] is GRANTED.

Defendants shall file their amended answer and counterclaims within seven days of the date of this Order.

IT IS SO ORDERED.

                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Date: March 30, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 30, 2016, electronically and/or by U.S. mail.

                                                s/C. Ciesla  
                                                Case Manager